HENDRICK, for use, v. CLONTS.

1. A judgment of nonsuit does not bar the plaintiff from bringing a second suit for the same cause of action, nor is it conclusive upon points of evidence raised and decided in the action nonsuited. Smith v. Floyd County, 85 Ga. 420, and cases cited ; note to Duchess of Kingston's case, 3 Smith's Leading Cases, 2087.

2. Where in the trial of a case a certain muniment of title essential to a recovery was offered in evidence by the plaintiff and was excluded on objection of the defendant, and thereupon the plaintiff announced that he had no further evidence, and the court granted a nonsuit; and where the plaintiff subsequently brought another action for the same cause against the same defendant, and on the trial of that case offered in evidence the same paper, it was error in the court to reject it on the ground that the plaintiff was estopped from offering it by the former judgment excluding it.

February 27, 1893.                                    Judgment reversed.

Before Judge JANES. Paulding superior court. January term, 1892.

Hendrick as the head of a family, for the use of his wife and children, sued Clonts for damages from the overflow of land by the erection of a mill-dam, etc. The case came on to be tried at the August term, 1890, and the plaintiff offered in evidence a certified copy of a record, to show the setting apart of a homestead and exemption. To this the defendant objected on the grounds, that the original of the copy was not accounted for; that there was no application to the ordinary to

have a homestead set apart; that the paper did not refer to or seek to have the land, the subject-matter of the suit, set apart as a homestead; that the paper did not state out of whose realty the homestead was sought to be carved, etc. The objection was sustained, and the paper excluded. The plaintiff's counsel said he had nothing further to offer, and the court granted a nonsuit on motion of the defendant, reciting in its order the grounds of objection to the certified copy. The plaintiff excepted and brought the case to the Supreme Court, where it was dismissed for want of prosecution, and the judgment affirmed. This was made the judgment of the superior court. Previously on November 10, 1890, the plaintiff had again brought his action in the superior court, to which the defendant pleaded *res adjudicata*, and asked that that issue be first tried, which was done. The plaintiff offered in evidence the same homestead paper as before, to which the defendant objected on the ground that it did not show out of whose property it was taken, and insisted that that question had been adjudicated in the former suit. The court sustained the objection and rejected the paper, and having examined the records of the former case, passed an order, " that the homestead papers offered in evidence be repelled and case dismissed on the ground that the legality of said homestead has been adjudicated and settled, as appears of record in this court, between the same parties and same cause of action." The plaintiff excepted.

W. A. JAMES, for plaintiff.

A. L. BARTLETT, for defendant.